IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Automobile Protection Corporation
– APCO,

             Plaintiff,

v.

NBA Automobile, Inc., et al,

             Defendants.
_____/

Case No. 1:18-cv-00620

Michael L. Brown
United States District Judge

## ORDER

Before the Court is Automobile Protection Corporation – APCO's Motion for Entry of Default as to Defendant Hooman Nissani (Dkt. 10), and NBA Automotive, Inc. and Babak Sharrafzadeh Rad's Motion to Set Aside Default (Dkt. 12).

I.    BACKGROUND

On March 19, 2018, the Clerk entered default as to NBA Automotive, Inc. and Babak Sharrafzadeh Rad.  According to APCO's motion for default, defendants failed to respond to the complaint within the requisite time for filing and serving a responsive pleading, and

1

default was appropriate under Federal Rule of Civil Procedure 55(a). Dkt. 9 at 2. NBA Automotive and Rad have moved to set aside the default judgment against them (Dkt. 12). APCO filed a second motion for default with respect to Hooman Nissani for his failure to respond to the complaint. (Dkt. 10). Nissani has responded to that motion, and it is fully briefed. (Dkts. 13, 17). All three defendants dispute proper service under Federal Rule of Civil Procedure 4. NBA Automotive and Mr. Rad argue that their failure to respond to the complaint should be excused for good cause. Mr. Nissani argues that the default should not be entered against him since he filed an answer to the complaint one day after Plaintiff's motion was filed and before the Clerk entered default.

## II. DISCUSSION

"Rule 55(c), Fed.R.Civ.P., provides that the court may set aside an entry of default for good cause shown." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527–28 (11th Cir. 1990). In evaluating whether good cause exists, courts have considered "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious

defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994)). These factors, however, "are not talismanic." *Id.* Courts have discretion to examine any other factors relevant to the inquiry, which may include whether there was significant financial loss to the defaulting party, whether the defaulting party acted promptly to correct the default, and whether the public interest is implicated. *Id.* The Court evaluates the relevant factors in turn.

First, the Court does not find sufficient evidence to determine that any one defendant's failure to respond to the complaint was culpable or willful. Plaintiff and Defendants have submitted conflicting declarations regarding whether or not service of process was effected on each of the three defendants. The Court believes the process servers' testimony to be credible. Mr. Villarreal details serving NBA Automotive at its registered place of business (Dkt. 17-2), Mr. Sanchez describes his leaving the summons and complaint with a woman at Defendant Rad's residence (Dkt. 17-4), and Mr. Kasden describes effecting personal service at Mr. Nissani's address on a man who

3

answered to the name "Hooman" (Dkt. 17-5). *See Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1356 (N.D. Ga. 2008) ("The person to whom West delivered the papers did not deny that he was Kübel, but instead responded, 'Thank you.' The Court believes that this testimony indicates that Cosmic was in fact served."). There is strong evidence that each of the three Defendants was served. Yet, Defendants' rebuttal testimony is not implausible, nor their failure to respond to the complaint obviously culpable. The Court does not have sufficient evidence to conclude that Defendants acted in willful disregard of judicial proceedings to warrant denial of relief.

Second, Defendants engaged in the litigation shortly after they became aware of the default actions against them. Mr. Nissani answered the complaint on March 30, just one day after he received notice of the motion for default against him and before the Clerk entered default against him. (Dkt. 11); *see Voter Verified, Inc. v. Premier Election Sols., Inc.*, No. 609CV1968ORL19KRS, 2010 WL 11474688, at *1 (M.D. Fla. Jan. 12, 2010) ("Upon seeing the motion for entry of a default, Diebold acted promptly to correct the failure to respond to the complaint"). Mr. Nissani's answer, even if untimely,

addresses the core motivation for Plaintiff's motion for default against him.  For this reason, and for the public policy reasons against default highlighted in the discussion below, the Court **DENIES** the motion for default (Dkt. 10) against him.  Additionally, NBA Automotive and Mr. Rad moved to set aside the default within fourteen days of the clerks' entry of default.  This prompt response weighs in favor of setting aside the default.  *Reynal v. United States*, 153 F.2d 929, 931–32 (5th Cir. 1945) ("Filed within less than thirty days after entry of the default, claimant's motion to set is aside was filed in ample time").

Third, the Court finds that NBA Automotive and Mr. Rad have proffered meritorious defenses to the claims asserted against them.  "If it were clear that no meritorious defenses existed then delay would amount to undue prejudice."  *Rasmussen v. W. E. Hutton & Co.*, 68 F.R.D. 231, 235 (N.D. Ga. 1975).  But it is not clear that defendants have no meritorious defenses.  Moreover, Plaintiff has not argued that it will face prejudice, and the Court finds none.  Setting aside the default for the remaining two defendants to permit them to respond to the complaint will not unduly delay the litigation.

5

Default is disfavored in the Eleventh Circuit "because of the strong policy in favor of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)). This policy, in conjunction with the factors analyzed above, drives the Court's decision here.

Nonetheless, because Defendants failed to honor their obligations under the Federal Rules of Civil Procedure and the law, the Court Orders that Defendants must pay Plaintiff's costs in seeking entry of their defaults. *See, e.g.*, *Intercont'l Hotels Grp., Inc. v. Weis Builders, Inc.*, No. 1:06-CV-1213-WSD, 2007 WL 2705559, at *3 (N.D. Ga. Sept. 12, 2007) ("Several courts have conditioned setting aside default on payment of attorneys' fees to promote the positive purposes of the default procedures without subjecting either litigant to drastic consequences. Doing so strikes a balance between the conflicting policies of efficiency and justice that underlie default procedures.") (citation and internal punctuation omitted).

Accordingly, the Court finds it appropriate to exercise its discretion to **GRANT** the motion to set aside the default (Dkt. 12) as to

6

NBA Automotive and Mr. Rad consistent with the terms of this Order, and to **DENY** the motion for default as to Mr. Nissani (Dkt. 10). Plaintiff is **DIRECTED** to file within ten (10) days a detailed explanation of the attorneys' fees and costs it has incurred in the default proceedings as to each of the three defendants. Any response by Defendants must be filed within seven (7) days of Plaintiff's submission. The Court will then review the submissions and order payment by each Defendant to the Plaintiff.

It is further **ORDERED** that Defendants NBA Automotive and Mr. Rad shall answer or otherwise respond to the complaint within fourteen (14) days of this Order. The parties will then have thirty (30) days from the later of NBA Automotive or Mr. Rad's response to the complaint to file the joint preliminary report and discovery plan.

**IT IS SO ORDERED.**

Dated: April 25, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE